IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAKESHKUMAR H.P., | Civil No. 1:26-cv-02869-MWJS |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| vs. | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | A# 075-925-490 |
| Respondent. | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**

Petitioner Rakeshkumar H.P.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and moves for a temporary restraining order, Dkt. No. 2. He attests that he was arrested by immigration authorities on February 25, 2026, and that he has been in immigration detention since. Dkt. No. 1, at pg. 1. And he argues that his continued detention without a bond hearing violates his statutory rights under the Immigration and Nationality Act, as well as his constitutional rights to due process and to family unity. *Id.* at pgs. 7–9.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

His statutory argument is not persuasive. As Petitioner himself concedes, *id.* at pg. 5, he has a 2006 conviction for possession of a fraudulent passport with intent to defraud the United States. *See also* Dkt. No. 7, at pg. 2 (citing Exh. 2 at 1–3; Exh. 3 at 9–11, 14, 32, 35). That prior conviction makes him subject to mandatory detention under the Immigration and Nationality Act, in particular 8 U.S.C. § 1226(c)(1)(A). *See id.* As the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281, 138 S. Ct. 830 (2018), noncitizens detained under § 1226(c) have no statutory entitlement to bond hearings. And while Petitioner contends that his classification under § 1226(c)(1)(A) is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court. *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (explaining that petitioners have the right, in administrative immigration proceedings, to request a "*Joseph* hearing" to challenge whether they are covered by § 1226(c)). In short, Petitioner does not—at least presently—have a viable statutory claim.

Nor are Petitioner's constitutional claims persuasive, at least at this stage. To be sure, although the Supreme Court in *Demore* held that § 1226(c) is facially constitutional, it left open the possibility of individualized constitutional challenges to prolonged detention. *See id.* at 526 (holding that the government may detain a noncitizen under § 1226(c) for the "limited period necessary for their removal proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien . . . could be entitled

2

to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").[2]  Judges have reached different conclusions about what standards ought to govern constitutional challenges of that sort.  *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents).  And judges would perhaps reach similarly divergent conclusions about how to analyze constitutional claims of family integrity.  But the record at this stage does not support Petitioner's claims under even the most generous possible standards.  Petitioner has been in custody for little over two months.  He offers no evidence that the government has been the cause of any delay in his removal proceedings, or that there is any reason to fear there will be delay in the future.  He does not suggest that the government ever committed to his remaining on parole or release on his own recognizance, or that it has ever found he is not a flight risk or a danger to the community.  And while his prior conviction is from two decades ago, it nonetheless is a serious one—involving, as it does, allegations of fraud and a false claim to United States citizenship.  On this record, regardless of precisely what legal standards the court adopts, Petitioner's constitutional claims cannot prevail at this time.

---

[2]     The Court in *Jennings* likewise declined to rule on the question of whether § 1226(c)'s mandatory decision provisions might, in individualized circumstances, become unconstitutional as applied.  *See* 583 U.S. at 312.

3

For these reasons, the petition is DENIED and the motion for a temporary restraining order is DENIED as moot. This ruling does not, of course, preclude Petitioner from petitioner for a writ of habeas corpus in the future, after a longer period of detention and a more fully developed factual record.

Given that the court has now resolved the petition, its April 16, 2026, order that Petitioner not be transferred or otherwise taken out of the Eastern District of California, Dkt. No. 5, is HEREBY LIFTED.

The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED: April 28, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-02869-MWJS; *Rakeshkumar H.P. v. Warden of Golden State Annex*, et al.; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER